UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND HAROLD KIMBLE III | CIVIL ACTION |
| VERSUS | NO. 22-3093 |
| PAUL D. CONNICK, JR., ET AL. | SECTION "G" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Raymond Harold Kimble, III, filed this complaint (ECF No. 4; ECF No. 4-1) pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      FACTUAL ALLEGATIONS**

Kimble filed this complaint against defendants Jefferson Parish District Attorney Paul D. Connick, Jr. ("DA Connick"), Assistant District Attorneys Lindsay Truhe ("ADA Truhe"), Assistant District Attorney Emily Booth ("ADA Booth"), the Parish of Jefferson, and the Jefferson Parish District Attorney's Office ("DA's office") (referred to as the 24th Judicial District Attorney's Office), each in an individual and official capacity. ECF No. 4, ¶III(A-G), at 2; ECF No. 4-1, ¶2-5, at 1-2. Kimble seeks declaratory judgment that his constitutional and statutory rights were violated and compensatory relief because defendants prosecuted him in two cases, which eventually were dismissed, knowing the charges were placed against him without probable cause. ECF No. 4, ¶IV, at 3; ECF No. 4-1, ¶13-19, at 4.

Kimble alleges that on August 26, 2011, he was arrested by the Jefferson Parish Sheriff's Office ("JPSO") on charges of simple burglary of an inhabited dwelling, a charge that was dismissed in November of 2011. ECF No. 4, ¶IV, at 3; ECF No. 4-1, ¶6, at 2. Around the same time, JPSO re-booked him on a charge of being a felon in possession of a firearm or carrying a concealed weapon. ECF No. 4, ¶IV, at 3; ECF No. 4-1, ¶6, at 2. The DA's office, which was headed by DA Connick, filed a bill of information and prosecuted him on this charge without probable cause until the charges were dismissed on April 4, 2023. He alleges that he remained incarcerated throughout that period.

Kimble further alleges that, on December 11, 2013, he was arrested by Harahan Police Department, a city within Jefferson Parish, and imprisoned on two charges of simple burglary of an inhabited dwelling. ECF No. 4, ¶IV, at 3; ECF No. 4-1, ¶7, at 2. He was rebooked on December 18, 2013, with two additional charges of simple burglary of inhabited dwelling. The DA's office, headed by DA Connick, filed a bill of information on February 14, 2014, under 24th Judicial District Court ("24th JDC") Case No. 14-0064. The DA's office prosecuted him on these charges without probable cause until August 19, 2015, when the charges were dismissed.

Kimble claims that, on May 19, 2016, he was arrested by JPSO for four charges of simple burglary of an inhabited dwelling. ECF No. 4, ¶IV, at 3; ECF No. 4-1, ¶8, at 3. The DA's office, headed by DA Connick, filed a bill of information on July 19, 2016, under 24th Judicial District Court Case No. 16-3960. The DA's office prosecuted him on these charges without probable cause through February 7, 2022, when the charges were dismissed. Kimble asserts that these charges were used to amplify the case in his trial on other charges in 24th JDC Case No. 16-3781.

Kimble further claims that, on August 16, 2016, he was arrested by JPSO for two charges of simple burglary. ECF No. 4, ¶IV, at 3; ECF No. 4-1, ¶9, at 3. The DA's office, headed by DA

2

Connick, filed a bill of information on October 3, 2016, under 24th Judicial District Court Case No. 16-5822. The DA's office prosecuted him on these charges without probable cause through February 7, 2022, when the charges were dismissed. Kimble asserts that these charges also were used to amplify the case in his trial on other charges in 24th JDC Case No. 16-3781.

Kimble alleges that DA Connick is an official policymaker for the DA's office, which prosecuted him without probable cause and subsequently terminated the cases against him. ECF No. 4, ¶IV, at 4; ECF No. 4-1, ¶10, at 3. He contends that the DA's Office through DA Connick has "continually harassed and/or exercised abuse of process by an execution of an unconstitutional Parish policy or custom which inflicted injury and damage upon plaintiff." ECF No. 4-1, ¶10, at 3. He alleges that the foregoing facts demonstrate a pattern of similar incidents where he was prosecuted without probable cause with charges subsequently terminated in his favor. He contends that this is "a persistent, wide spread, practice that is so common and well settled as to constitute a custom that fairly represents municipal policy." ECF No. 4-1, ¶10, at 3.

Kimble also alleges that the DA's office through DA Connick, ADA Truhe, and ADA Booth, prosecuted Case Nos. 16-3960 and 16-5822 to ensure a conviction in his other case, No. 16-3781. ECF No. 4, ¶IV, at 4; ECF No. 4-1, ¶11, at 3. He claims that the other 2016 cases were used as other crimes evidence under La. Code Evid. art § 404(b) to obtain his illegal conviction on December 17, 2021, and then dismissed on February 7, 2022, in his favor.

Kimble claims that the DA's office through DA Connick and ADA Truhe and ADA Booth was aware that Case Nos. 16-3960 and 16-5822 were being prosecuted without probable cause. ECF No. 4, ¶IV, at 4; ECF No. 4-1, ¶12, at 3. He asserts that this demonstrated intentional indifference to the risk of violating his constitutional and statutory rights. ECF No. 4, ¶V, at 4; ECF No. 4-1, ¶12, at 3-4.

## II.  LEGAL STANDARDS

### A.  Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id.*
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

B. **Required Elements of a § 1983 Claim**

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within

---

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*
[13] *Id.*

5

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)  deprivation of a right secured by the U.S. Constitution or federal law;
(2)  that occurred under color of state law; and
(3)  was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

### III. ANALYSIS

#### A. Legal Standards

##### 1. Elements of Malicious Prosecution Claim brought under § 1983

Under a broad reading of the complaint, Kimble sued DA Connick, ADA Truhe, and ADA Booth, each in their individual and official capacities, the DA's Office, and Jefferson Parish, alleging claims of malicious prosecution. Specifically, he claims that the DA's office through DA Connick, ADA Truhe, and ADA Booth maintained or prolonged the prosecutions for simple

---

[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

burglary in Case Nos. 16-3960 and 16-5822 so that those charges could be presented as other crimes evidence in and "amplify" the case for the charges on which he was tried and convicted in Case No. 16-3781. Further, after his conviction in that case, they simply dismissed the prior cases, which demonstrates a policy, pattern, or practice of intentionally violating his constitutional rights.

The United States Fifth Circuit Court of Appeals previously and regularly resolved that "there is no 'freestanding constitutional right to be free from malicious prosecution,'" but that "'[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection - the Fourth Amendment if the accused is seized and arrested, for example.'"[20] Similarly, a claim of abuse of process, a phrase mentioned by plaintiff in his pleadings, falls under the rubric of "common law torts which protect the interest in freedom from unjustified litigation," including "malicious prosecution" and "wrongful civil proceedings."[21] Like malicious prosecution, however, "the common law tort of misuse of legal procedure, without more, does not rise to the level of constitutional wrong remedied by Section 1983."[22]

Nevertheless, the viability of a Fourth Amendment malicious prosecution claim was recently confirmed by the Supreme Court in *Thompson v. Clark*, 142 S. Ct. 1332, 1339 (2022). In *Thompson*, the Supreme Court recognized that, under the Fourth Amendment, "a plaintiff could maintain a malicious prosecution claim when, for example, the prosecutor abandoned the criminal case or the court dismissed the case without providing a reason." To do so under § 1983, a plaintiff "must demonstrate, among other things, that he obtained a favorable termination of the underlying criminal prosecution," which does not require an "affirmative indication of innocence."[23]

---

[20] *Payton v. Town of Maringouin*, No. 21-30440, 2022 WL 3097846, at *3 (5th Cir. Aug. 3, 2022) (quoting *Winfrey v. Rogers*, 901 F.3d 483, 491 (5th Cir. 2018) (quoting *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003)).
[21] *Sisk v. Levings*, 868 F.2d 159, 161 (5th Cir. 1989) (citing *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1188 n.1 (5th Cir. 1978)).
[22] *Muirhead*, 581 F.2d at 1189.
[23] *Id*. at 1335, 1341.

As for the "other things" to be shown, the Court in *Thompson* noted that courts historically required a showing that "(i) the suit or proceeding was 'instituted without any probable cause'; (ii) the 'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution 'terminated in the acquittal or discharge of the accused.'"[24]

### 2. Official Capacity Liability

Official-capacity suits "generally represent another way of pleading an action against an entity of which an officer is an agent."[25] However, "municipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[26] Thus, to state a non-frivolous claim against a district attorney or an assistant district attorney in an official capacity, the plaintiff must establish that the named defendant is a final policymaker and identify a DA's office or Parish policy or custom which allegedly caused the deprivation of his constitutional rights.[27]

### B.     Claims Against the Assistant District Attorneys

Kimble sued ADA Truhe and ADA Booth in both their official and individual capacities seeking relief for alleged violation of his constitutional rights through malicious prosecution. As outlined above, Kimble alleges that they prolonged prosecution of his two prior simple burglary charges, knowingly brought without probable cause, for the sole purpose of using those charges

---

[24] *Id*. at 1338.
[25] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Soc'l Servs.*, 436 U.S. 658, 690 n.55 (1978)) (quotation marks omitted).
[26] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (quoting *Monell*, 436 U.S. at 691).
[27] *Rinker v. New Orleans Dist. Atty.*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *R&R adopted by* 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

as other crimes evidence in his trial on separate charge to gain a conviction. These claims should be dismissed for the reasons that follow.

### 1. Official Capacity

Suit against ADA Truhe and ADA Booth in their official capacities is suit against the Jefferson Parish DA's office, the entity they represent.[28] As noted above, to be held liable in an official capacity, Kimble must establish that these defendants acted as final policy makers on behalf of the DA's office or Jefferson Parish where they are employed.

Kimble, however, has not alleged that Truhe or Booth are final policymakers for either entity. "[W]hether a particular official has 'final policymaking authority' is a question of state law."[29] Under Louisiana, the District Attorney, not his assistants, is the final policy maker for the DA's office.[30] Without that status, these employees of the DA's office are not responsible under *Monell* for policy decisions implemented in that office or the Parish in which they work. Kimble, therefore, has not asserted a *Monell* claim against Truhe or Booth and his claims against each in her official capacity are frivolous and otherwise fail to state a claim for which relief can be granted. The claims should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A.

### 2. Individual Capacity

In an individual capacity, Truhe and Booth enjoy absolute immunity from suit for monetary damages under § 1983 related to their roles and actions as prosecutors.[31] "A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial

---

[28] *See Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a Parish official).
[29] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).
[30] *Burge*, 187 F.3d at 469; LA. CONST. art. V, § 26; LA. STAT. ANN. § 16:1(B).
[31] *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).

phase of the criminal process.'"³² Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."³³ The prosecutorial immunity also applies during "actions apart from the courtroom."³⁴ In addition, accusations of conspiracy with others also are insufficient to allege that the prosecutor acted outside of his or her prosecutorial role.³⁵

In this case, Kimble asserts that Truhe and Booth, in exercising their prosecutorial duties as assistant district attorneys, continued to press the older simple burglary charges to use as evidence of a pattern or practice of criminal behavior and then dismissed those charges once he was convicted. Even if true or shown to be malicious, Truhe and Booth, individually, are absolutely immune from acts that are taken while pursuing a criminal prosecution or those intimately associated with the judicial phase of the criminal process.³⁶ Their actions with respect to prosecuting charges and presenting evidence clearly fall within their roles as prosecutors within the judicial process.

For this reason, Kimble's claims against Truhe and Booth, each in her individual capacity, are barred by absolute prosecutorial immunity. The claims against each for monetary relief should be dismissed as frivolous, for being asserted against an immune defendant, and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

---

³² *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) (quoting *Imbler*, 424 U.S. at 430-31); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).
³³ *Kerr v. Lyford*, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), *abrogated in part on other grounds by Castellano*, 352 F.3d at 939; *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
³⁴ *Imbler*, 424 U.S. at 431 n.33.
³⁵ *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).
³⁶ *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

### C. Claims Against Jefferson Parish, the DA's Office, and DA Connick

Kimble sues DA Connick, the DA's office, and Jefferson Parish alleging that DA Connick, in his individual and official capacities, promulgated a policy of harassment and malicious prosecution of charges against him knowing the charges were brought without probable cause. As an initial matter, the DA's office is not itself a suable entity. Louisiana law prohibits suits against a district attorney's office in its own name.[37] However, a plaintiff may hold a district attorney's office, as part of the local Parish government, responsible under *Monell* when the plaintiff brings suit against the District Attorney in an official capacity.[38] Kimble has sued DA Connick in his official capacity. Thus, Kimble's claims against DA Connick in his official capacity are the same as suit against the DA's office and the Parish of Jefferson.

Nevertheless, for the reasons that follow, Kimble's claims of malicious prosecution against DA Connick in his official capacity as the District Attorney for the 24th Judicial District in Jefferson Parish, Louisiana must be dismissed because he has not sufficiently allege that Connick acted pursuant to an unconstitutional municipal policy or custom or any action outside of the absolute prosecutorial immunity doctrine.[39]

### 1. Official Capacity

For purposes of *Monell*, unlike the assistant district attorney's above, DA Connick is the final policymaker for the Parish DA's office under Louisiana state law.[40] The focus then must be

---

[37] *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999).
[38] *Connick*, 563 U.S. at 59-60 (as a Parish official, claims against a Louisiana district attorney in an official capacity are addressed against the Parish under the standards of *Monell*); *Burge*, 187 F.3d at 466 ("The rule in this circuit is that a Louisiana district attorney, sued in his or her official capacity, is a local government official . . ."); *see Graham*, 473 U.S. at 166 ("A suit against a public official in his [or her] official capacity is not a suit against the official personally," but is "to be treated as a suit against the entity.").
[39] *See Sharp v. Palmisano*, No. 13-5429, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013) (conclusory clams that a district attorney had policies and procedures to illegally secure charges were insufficient to allege a factual basis for *Monell* claim).
[40] *Connick*, 563 U.S. at 59-60; *Burge*, 187 F.3d at 469; LA. CONST. art. V, § 26; LA. STAT. ANN. § 16:1(B).

11

on whether Kimble has alleged that a policy, practice, or custom promulgated by the DA's office resulted in violation of his constitutional rights. DA Connick, in his official capacity, the DA's office, and Jefferson Parish cannot be held liable under a *respondeat superior* theory simply because ADA Truhe and ADA Booth were in their employee.[41] Instead, he must specify a particular official policy, custom, or practice promulgated and enforced to cause him constitutional harm.[42]

"[A] policy may be either a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's governing body (or by one or more officials to whom the governing body has delegated policy-making authority), or a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy."[43] "Isolated instances, on the other hand, are inadequate to prove knowledge and acquiescence by policymakers."[44]

Kimble has not asserted facts to establish a policy or widespread practice. He alleges only that, in this instance, the DA's office dismissed two 2016 cases against him after a successful conviction in a third case. Kimble has not provided a description of the policy or custom he believes to be in force and that policies relationship to an alleged constitutional violation.[45] He has instead alleged an isolated incident by the defendants, which is not sufficient to assert a practice or policy of malicious prosecution under *Monell*.[46]

---

[41] *Burge*, 187 F.3d at 470 (quoting *Monell*, 436 U.S. at 691).
[42] *Id*.
[43] *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).
[44] *Id*.; *Sharp*, 2013 WL 5969661, at *5.
[45] *See Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).
[46] *Id*. (citing *Yates v. Unidentified Parties*, 73 F. App'x 19, 20 (5th Cir. 2003)); *Spiller*, 130 F.3d at 167; *Ferguson v. Gates*, 21-cv-1104, 2022 WL 1508968, at 3 (W.D. La. May 12, 2022).

Kimble also has provided no facts to support his conclusory assertion that there was no probable cause for the charges for an underlying constitutional violation to have arisen from his prosecutions. Probable cause exists when the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."[47] A showing of probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."[48] Without an allegation of fact to support his conclusory claim of no probable cause, his claims "are the very type of vague allegations with respect to violation of substantive due process rights that do not support an independent federal 'malicious prosecution' claim."[49]

Kimble's claims against DA Connick in his official capacity and against the DA's office and Jefferson Parish for which he is the final policymaker for purposes of this case fails to state a claim upon which relief could be granted. Accordingly, pursuant to 28 U.S.C. § 1915 and § 1915A, these claims must be dismissed with prejudice but subject to the right to file an amended complaint within 14 days of this Report and Recommendation setting forth sufficient facts as necessary to state this claim.[50]

### 2. Individual Capacity

In an individual capacity, DA Connick enjoys absolute immunity from suit for monetary damages under § 1983 as a prosecutor.[51] As discussed above, "[a] prosecutor enjoys absolute

---

[47] *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018).
[48] *Id.* (internal citations and quotations omitted).
[49] *Carter v. Pointe Coupee Par. Sheriff's Dep't*, No. 18-760, 2020 WL 1033655, at *3 (M.D. La. Mar. 3, 2020).
[50] A pro se prisoner is generally entitled to either a Spears hearing or an opportunity to amend to "plead his best case" if there is a reasonable belief that they have knowledge of facts to support the asserted claim or if failure to allow amendment would result in a grave injustice. *See, e.g., Eason v. Thaler*, 14 F.3d 8 (5th. Cir. 1994) (holding that plaintiff should be given an opportunity to amend factually deficient claims); *Ruiz v. Leblanc*, 643 F. App'x. 358, 363 (5th. Cir. 2016), (holding that plaintiff should be allowed an opportunity "plead his best case).
[51] *Imbler*, 424 U.S. at 409; *Beard*, 2014 WL 3687236 at *2-3.

immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[52] Kimble sues DA Connick for the decisions made by him and his subordinates with respect to the charges and prosecutions brought against him. This decision, including when and whether to file criminal charges and pursue them to trial, fall within the scope of a District Attorney's prosecutorial duties protected by absolute prosecutorial immunity.[53] Even if Kimble challenges these decisions as malicious, Connick is sheltered by absolute immunity.[54]

For these reasons, Kimble's claims for monetary damages against DA Connick in his individual capacity are barred by absolute prosecutorial immunity. The claims against DA Connick should be dismissed as frivolous, for being asserted against an immune defendant, and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

### D. State Law Malicious Prosecution Claims

Kimble asserts that his claims of malicious prosecution demonstrate violations of both constitutional and statutory law. Broadly construing his complaint, Kimble may be seeking to assert a state law claim of malicious prosecution against these defendants. Under Louisiana tort law, the elements of the tort of malicious prosecution are:

(1) the commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damage conforming to legal standards resulting to plaintiff.[55]

---

[52] *Esteves*, 106 F.3d at 676 (quoting *Imbler*, 424 U.S. at 430-31); *Quinn*, 326 F. App'x at 292.
[53] *Id*.
[54] *Kerr*, 171 F.3d at 337 & n.10; *Champluvier*, 309 F. App'x at 903.
[55] *Lemoine v. Wolfe*, 168 So. 3d 362, 367 (La. 2015).

When the charges against a plaintiff are dismissed prior to trial, including when the dismissal occurs *nolle prosequi* through the discretion of the District Attorney, a lack of probable cause and malice are presumed.[56]

Plaintiff's allegations, although conclusory, may arguably present the elements for a state law claim of malicious prosecution.[57] However, after dismissal of the claims over which there is original jurisdiction, the court has the discretion either to decline or exercise supplemental jurisdiction over the state law claims.[58] Considering the provisions of 28 U.S.C. § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity,[59] the court should decline to exercise jurisdiction over any state law claims of malicious prosecution and dismiss them without prejudice.[60]

## IV. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Raymond Harold Kimble, III's 42 U.S.C. § 1983 claims against defendants District Attorney Paul D. Connick, Jr., in his individual capacity, Assistant District Attorneys Lindsay Truhe and Emily Booth, each in their individual and official capacities, the Parish of Jefferson, and the Jefferson Parish District Attorney's Office, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief from an immune defendant.

---

[56] *Watson v. Church's Fried Chicken, Inc.*, 527 So. 2d 979, 981 (La. App. 4th Cir. 1988).
[57] *Carter*, 2020 WL 1033655, at *4.
[58] 28 U.S.C. § 1367(c)(3).
[59] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).
[60] *See Carter*, 2020 WL 1033655, at *5 (declining supplemental jurisdiction over state law malicious prosecution claims after dismissing all federal claims).

It is further **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e) and § 1915A, plaintiff Raymond Harold Kimble, III's 42 U.S.C. § 1983 claims against defendant District Attorney Paul D. Connick, Jr., in his official capacity, be **DISMISSED WITH PREJUDICE** but subject to the right to file an amended complaint within 14 days of this Report and Recommendation setting forth sufficient facts to establish the required elements of that claim.

It is further **RECOMMENDED** that the court **DECLINE** to exercise supplemental jurisdiction over Kimble's and that Kimble's state law malicious prosecution claims against defendants District Attorney Connick and Assistant District Attorneys Lindsay Truhe and Emily Booth, each in their individual and official capacities, the Parish of Jefferson, and the Jefferson Parish District Attorney's Office and that those claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[61]

New Orleans, Louisiana, this  8th  day of February, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[61] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.