# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND HAROLD KIMBLE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3093** |
| **PAUL D. CONNICK, JR. et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court are Plaintiff Raymond Harold Kimble III's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a Louisiana state prisoner, filed this civil rights action against Jefferson Parish District Attorney Paul D. Connick, Jr. ("DA Connick"), Assistant District Attorney Lindsay Truhe ("ADA Truhe"), Assistant District Attorney Emily Booth ("ADA Booth"), the Parish of Jefferson, and the Jefferson Parish District Attorney's Office ("DA's Office").[2] Plaintiff asserts that his constitutional and statutory rights were violated because he alleges that Defendants prosecuted him in two cases, which eventually were dismissed, knowing the charges were pursued without probable cause.[3] The Magistrate Judge recommends that all of the Section 1983 claims be dismissed, subject to the right of Plaintiff to file an amended complaint against DA Connick setting forth the necessary elements to establish an unconstitutional policy or custom of the DA's Office.[4] The Magistrate Judge further recommends that the Court decline to exercise supplemental jurisdiction over any state law

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 4.

[3] *Id.*

[4] Rec. Doc. 7.

1

claims.[5] In response, Plaintiff filed an Amended Complaint and objections to the Report and Recommendation.[6] For the reasons discussed in more detail below, the Amended Complaint does not cure the pleading deficiencies identified by the Magistrate Judge. Accordingly, having considered the Complaint, the Amended Complaint, the Report and Recommendation, Plaintiff's objections, the record, and the applicable law, the Court overrules the objections, adopts the Report and Recommendation, and dismisses Plaintiff's claims.

## I. Background

### A.    Factual Background

On September 15, 2022, Plaintiff filed a complaint against Defendants in this Court. Plaintiff alleges that on August 26, 2011, he was arrested by officers of the Jefferson Parish Sheriff's Office ("JPSO") on charges of simple burglary of an inhabited dwelling, a charge that was dismissed in November of 2011.[7] Around the same time, JPSO re-booked him on a charge of being a felon in possession of a firearm or carrying a concealed weapon.[8] Plaintiff alleges that the DA's Office, which was headed by DA Connick, filed a bill of information and prosecuted him on these charges without probable cause until the charges were dismissed on April 4, 2013.[9] He asserts that he remained incarcerated throughout that period.[10]

Plaintiff further alleges that, on December 11, 2013, he was arrested by officers of the Harahan Police Department, a city within Jefferson Parish, and imprisoned on two charges of

---

[5] Id.

[6] Rec. Docs. 14 and 15.

[7] Rec. Doc. 4 at 3.

[8] Id.

[9] Id.

[10] Id.

simple burglary of an inhabited dwelling.[11] He was rebooked on December 18, 2013, with two additional charges of simple burglary of an inhabited dwelling.[12] The DA's Office filed a bill of information on February 14, 2014, under 24th Judicial District Court ("24th JDC") Case No. 14-0064.[13] According to Plaintiff, the DA's Office prosecuted him on these charges without probable cause until August 19, 2015, when the charges were dismissed.[14]

Plaintiff claims that, on May 19, 2016, he was arrested by JPSO officers for four charges of simple burglary of an inhabited dwelling.[15] The DA's Office filed a bill of information on July 19, 2016, under 24th JDC Case No. 16-3960.[16] According to Plaintiff, the DA's office prosecuted him on these charges without probable cause through February 7, 2022, when the charges were dismissed.[17] Plaintiff asserts that these charges were used to amplify the case in his trial on other charges in 24th JDC Case No. 16-3781.[18]

Plaintiff further claims that, on August 16, 2016, he was arrested by JPSO officers for two charges of simple burglary.[19] The DA's Office filed a bill of information on October 3, 2016, under 24th JDC Case No. 16-5822.[20] According to Plaintiff, the DA's Office prosecuted him on these

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

charges without probable cause through February 7, 2022, when the charges were dismissed.[21] Plaintiff asserts that these charges also were used to amplify the case in his trial on other charges in 24th JDC Case No. 16-3781.[22]

Plaintiff alleges that DA Connick is an official policymaker for the DA's Office, which prosecuted him without probable cause and subsequently terminated the cases against him.[23] He contends that the DA's Office through DA Connick has "continually harassed and/or exercised abuse of process by an execution of an unconstitutional practice, policy, or custom which inflicted injury and damage upon plaintiff."[24] He alleges that the foregoing facts demonstrate a pattern of similar incidents where he was prosecuted without probable cause with charges subsequently terminated in his favor.[25] He contends that this is "a persistent, wide spread, practice that is so common and well settled as to constitute a custom that fairly represents municipal policy."[26]

Plaintiff also alleges that the DA's office through DA Connick, ADA Truhe, and ADA Booth, prosecuted 24th JDC Case Nos. 16-3960 and 16-5822 to ensure a conviction in 24th JDC Case No. 16-3781.[27] He claims that the other 2016 cases were used as other crimes evidence to obtain his illegal conviction on December 17, 2021, and then dismissed on February 7, 2022, in

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

his favor.[28] He asserts that the DA's Office demonstrated intentional indifference to the risk of violating his constitutional and statutory rights.[29]

**B.     *The Report and Recommendation***

The Magistrate Judge recommends that any official capacity claims against ADA Truhe and ADA Booth be dismissed because Plaintiff does not allege that they are final policymakers for JPSO or the DA's Office.[30] The Magistrate Judge also recommends that any individual capacity claims for monetary damages against ADA Truhe and ADA Booth be dismissed because they enjoy absolute immunity from suit for conduct related to their roles and actions as prosecutors.[31]

The Magistrate Judge points out that Plaintiff's claims against DA Connick in his official capacity are the same as his claims against the DA's Office and Jefferson Parish.[32] The Magistrate Judge recommends that Plaintiff's malicious prosecution claim against DA Connick in his official capacity as the District Attorney be dismissed because Plaintiff has not sufficiently alleged that DA Connick acted pursuant to an unconstitutional municipal policy or custom.[33] The Magistrate Judge points out that Plaintiff failed to cite any facts to support his conclusory assertion that there was no probable cause for the charges brought against him.[34] Therefore, the Magistrate Judge recommends that the official capacity claims against DA Connick be dismissed with prejudice but subject to Plaintiff's right to file an amended complaint setting forth additional facts to support

---

[28] *Id.*

[29] *Id.*

[30] Rec. Doc. 15 at 9.

[31] *Id.* at 9–10.

[32] *Id.* at 11.

[33] *Id.* at 11–13.

[34] *Id.* at 13.

this claim.[35] The Magistrate Judge also recommends that any individual capacity claims for monetary damages against DA Connick be dismissed because he enjoys absolute immunity from suit for conduct related to his actions as a prosecutor.[36] Finally, the Magistrate Judge recommends that this Court decline to exercise supplemental jurisdiction over any state law malicious prosecution claim.[37]

## C.    *The Amended Complaint*

As directed in the Report and Recommendation, Plaintiff filed an amended complaint in an attempt to clarify his claims against DA Connick.[38] In the Amended Complaint, Plaintiff cites multiple burglaries that occurred in Jefferson Parish, Orleans Parish, and St. Tammany Parish in June and July of 2015.[39] Plaintiff alleges that an individual named Dustin Johnson was a suspect in these burglaries, and the police came to suspect Plaintiff was his accomplice.[40] Plaintiff then cites multiple burglaries that occurred in Jefferson Parish and St. Tammany Parish between December 2015 and April 2016.[41] Plaintiff alleges that an individual named Brian Ernst was a suspect in these burglaries, and the police came to suspect Plaintiff was his accomplice.[42] Plaintiff states that he was arrested by JPSO officers on April 20, 2016. [43]

---

[35] *Id.*

[36] *Id.* at 13–14.

[37] *Id.* at 14–15.

[38] Rec. Doc. 15.

[39] *Id.* at 1–2.

[40] *Id.* at 3.

[41] *Id.* at 4–5.

[42] *Id.* at 5.

[43] *Id.* at 6.

Plaintiff alleges that these investigations ultimately led to him being charged in 24th JDC Case Nos. 16-3781, 16-3960, and 16-5822.[44] Plaintiff alleges that he was found guilty in 24th JDC Case No. 16-3781 on December 17, 2021, and the DA's Office dismissed the other cases on February 7, 2022.[45] Plaintiff alleges that these cases "were all simultaneously placed on Plaintiff with the intent to amplify each individual case to ensure a conviction."[46] Plaintiff alleges that he was "originally arrested through the wrongful institution of legal process."[47] Plaintiff alleges that the investigating officer included numerous false statements and omitted relevant facts from the arrest warrant.[48] According to Plaintiff, the DA's Office had no intention of bringing him to trial in 24th JDC Case Nos. 16-3960 and 16-5822, as evidenced by the fact that the prosecutors dismissed the charges shortly after his trial in 24th JDC Case No. 16-3781.[49]

## II. Parties' Arguments

In objection to the Report and Recommendation, Plaintiff states that he has established an unofficial custom or policy of the DA's Office that causes malicious prosecutions.[50] Plaintiff asserts that the DA's Office filed multiple bills of information against him without probable cause, and the prosecutors subsequently dismissed two of those cases in Plaintiff's favor.[51] He submits

---

[44] *Id.* at 7–8.

[45] *Id.* at 8.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 10.

[50] Rec. Doc. 14 at 1.

[51] *Id.*

that this is sufficient to show a policy or custom.[52] Plaintiff acknowledges that a conviction was secured in one case, but he states that he is currently appealing that case and is innocent of the charges.[53]

### III. Standard of Review

**A.     Review of the Magistrate Judge's Report and Recommendation**

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[54] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[55] The district judge must "determine de novo any part of the [Report and Recommendation] that has been properly objected to."[56] However, a district court's review is limited to plain error of parts of the report not properly objected to.[57]

**B.     Standard for Frivolousness**

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[58] A complaint is frivolous if it lacks an arguable basis in law or fact.[59] A claim has no

---

[52] *Id.*

[53] *Id.*

[54] 28 U.S.C. § 636(b)(1)(B).

[55] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[56] Fed. R. Civ. P. 72(b)(3).

[57] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[58] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[59] *Id.*

arguable basis in law if "it is based on indisputable meritless legal theory."[60] It lacks a basis in facts if "the facts alleged are clearly baseless."[61] If a court finds a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[62]

### IV. Law and Analysis

**A.    *Federal Claims***

The Magistrate Judge recommended that any official capacity claims against ADA Truhe and ADA Booth be dismissed because Plaintiff does not allege that they are final policymakers for JPSO or the DA's Office.[63] The Magistrate Judge also recommended that any individual capacity claims for monetary damages against DA Connick, ADA Truhe, and ADA Booth be dismissed because they enjoy absolute immunity from suit for conduct related to their roles and actions as prosecutors.[64] Plaintiff did not object to these portions of the Report and Recommendation.[65] Reviewing for plain error and finding none, the Court adopts these portions of the Report and Recommendation.

With respect to any claims against DA Connick in his official capacity, the Magistrate Judge recommended that Plaintiff be allowed to file an amended complaint setting forth additional facts to show an unconstitutional municipal policy or custom of the DA's Office.[66] In response, Plaintiff filed an Amended Complaint, which sets forth detailed facts regarding the police

---

[60] *Id.*

[61] *Id.*

[62] *See* 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c).

[63] Rec. Doc. 15 at 9.

[64] *Id.* at 9–10, 14–15. In the objections to the Report and Recommendation, Plaintiff does not argue that he should be allowed to pursue a claim for declaratory relief against the prosecutors in their individual capacities.

[65] Rec. Doc. 14.

[66] Rec. Doc. 7 at 13.

investigation, his arrest and conviction in 24th JDC Case No. 16-3781, and the dismissal of 24th JDC Case Nos. 16-3960 and 16-5822.[67]

When a state official is sued in their official capacity, it is treated "as a suit against the entity."[68] A supervisory official, however, may not be held liable under Section 1983 based upon a theory of vicarious liability or *respondeat superior*.[69] Instead, a plaintiff must allege both (i) "that a constitutional violation occurred" and (ii) "that a municipal policy was the moving force behind the violation."[70] Under the latter, a plaintiff must show three things: (1) an "official policy or custom 'was a cause in fact of the deprivation of rights inflicted,'[71] (2) the policy "served as a moving force" behind the constitutional violation,[72] and (3) the policy was decided on by a policymaker with "either actual or constructive knowledge of the alleged policy."[73]

To satisfy the first requirement, the Supreme Court, in *Monell v. Department of Social Services of New York*, set out the possible methods of showing a policy or custom: "(1) [an] express policy of violating the Constitution, (2) a widespread practice or custom—even if that custom has not received formal approval by an official decision-making body—or (3) a decision by an individual with express policy-making authority."[74] Under Fifth Circuit precedent, a custom may

---

[67] Rec. Doc. 15.

[68] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[69] *Green v. Albertson's, Inc.*, 67 F. App'x 248, at *2, n.3 (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)).

[70] *Sanchez v. Young Cnty., Texas*, 956 F.3d 785, 791 (5th Cir.), *cert. denied*, 141 S.Ct. 901 (2020).

[71] *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)).

[72] *Id.* (internal citations and quotation marks omitted).

[73] *Cox v. City of Dallas*, 430 F.3d 734, 748–49 (5th Cir. 2005) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

[74] *Cardenas v. Lee Cnty., Tex.*, 569 F. App'x 252, 255 (5th Cir. 2014) (citing *Monell,* 436 U.S. at 690–91).

be evidenced by "a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipality's policy."[75] To render a municipality liable for such a custom, "actual or constructive knowledge" of the custom must be "attributable to the governing body or officials to whom that body has delegated policy-making authority,"[76] meaning that the actions "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees."[77] Isolated unconstitutional actions by employees will almost never trigger liability.[78] "A pattern requires similarity, specificity, and sufficiently numerous *prior* incidents."[79]

Despite being provided an opportunity to file an Amended Complaint, Plaintiff has not asserted any facts to establish a policy or widespread practice. In the Amended Complaint, Plaintiff alleges only that the DA's Office dismissed two 2016 cases against his conviction in a third case. Plaintiff does not describe any policy or custom of malicious prosecution or explain how such a policy led to the constitutional violation he alleges. Plaintiff alleges only isolated incidents that occurred in his case. These allegations are not sufficient to assert a practice or policy of malicious prosecution under *Monell*.[80]

---

[75] *Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Houston,* 735 F.2d 838, 842 (5th Cir. 1984) (en banc)).

[76] *Webster*, 735 F.2d at 841.

[77] *Id.* at 842.

[78] *Piotrowski*, 237 F.3d at 581.

[79] *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017) (emphasis added).

[80] In the Amended Complaint, Plaintiff also references actions taken by Jefferson Parish Sherriff's Officers Deroche and Parent. Specifically, Plaintiff alleges that he was "originally arrested through the wrongful institution of legal process." Rec. Doc. 15 at 8. Plaintiff alleges that the investigating officer included numerous false statements and omitted relevant facts from the arrest warrant. *Id.* It is unclear to the Court whether Plaintiff is attempting to also

**B.      State Law Claims**

Finally, the Magistrate Judge recommends that this Court decline to exercise supplemental jurisdiction over any state law malicious prosecution claim.[81] Plaintiff does not object to this portion of the Report and Recommendation. Therefore, the Court will decline to exercise supplemental jurisdiction over any state law claims.[82]

## V. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's Section 1983 claims pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief from immune defendants. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims against Defendants District Attorney Paul D. Connick, Jr., Assistant District Attorneys Lindsay Truhe and Emily Booth, each in their individual and official capacities, the Parish of Jefferson, and the Jefferson Parish District Attorney's Office, are **DISMISSED WITH PREJUDICE**.

---

bring claims against these officers because Plaintiff does not name them as additional defendants. Nevertheless, it would be futile to grant Plaintiff leave to file a second amended complaint to name these officers as defendants. To the extent that Plaintiff is challenging his arrest and conviction in Case 16-3781, such claims would be barred under the *Heck* doctrine because a judgment on any claim that there was not probable cause to arrest him would necessarily imply the invalidity of his state court conviction in Case 16-3781. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Walter v. Horseshoe Ent.*, 483 F. App'x 884, 887 (5th Cir. 2012) ("*Heck* therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest.").

[81] Rec. Doc. 7 at 14–15.

[82] A court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Here, the Court elects to follow the "general rule [] to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992).

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  29th  day of February, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

13